UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHARON STRATMOEN, :
: NO. 1:06-CV-00494
    Plaintiff, :
:
v. :
: **OPINION AND ORDER**
:
COMMISSIONER OF SOCIAL :
SECURITY, :
:
    Defendant. :

    This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that the decision of Defendant be affirmed and this case be closed (doc. 15). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

    Plaintiff originally filed an application for a period of disability and disability insurance benefits ("DIB") on February 20, 2001, claiming disability since May 6, 2000, due to back and hip pain (doc. 15). While this application was denied initially, on reconsideration, and following a hearing before an Administrative Law Judge ("ALJ"); on appeal, the Court found that the ALJ erred in finding that Plaintiff did not meet the listing for spinal nerve compression, and remanded the matter for a further hearing with a medical expert (Id.). Additional hearings were held January 19, 2005, and April 28, 2005, and on November 28, 2005, the ALJ again found that Plaintiff was not disabled, a decision that

became final after denial of review by the Appeals Council (Id.).

On appeal, Plaintiff argued that the ALJ erred:

> (1) in finding that she could perform her past relevant work as a secretary; (2) by failing to find that her impairment met or equaled Listing 1.04(A) for disorders of the spine; and (3) in failing to give her a full and fair hearing (Id.).

In the Report and Recommendation, the Magistrate Judge correctly noted that the Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence (Id., citing 42 U.S.C. § 405(g)). After fully considering each of Plaintiff's arguments, the Magistrate Judge concluded that there was no error in the ALJ's non-disability finding (Id.). First, the Magistrate Judge considered Plaintiff's contention that the ALJ erred in finding she could do her past relevant work as a secretary, and found that substantial evidence, including the Vocational Expert's ("VE") testimony, supported the ALJ's finding (Id.). The Magistrate Judge next addressed Plaintiff's argument that the ALJ erred by failing to find Plaintiff's impairments met or equaled the listing for spine disorders, Listing 1.04(A) (Id.). The Magistrate Judge reviewed the evidence the ALJ relied on, including the opinion of the medical expert, and found that substantial evidence supported the ALJ's finding that Plaintiff's impairment, either singly or in combination, did not meet or equal Listing 1.04(a) (Id.). Lastly, the Magistrate Judge found that despite Plaintiff's arguments,

Plaintiff's counsel was given the opportunity to cross-examine the medical expert and therefore the ALJ did not err in denying Plaintiff a supplemental hearing (Id.). The Magistrate Judge concluded that the ALJ's ultimate finding was supported by substantial evidence and to be within the ALJ's "zone of choice" (Id.).

Plaintiff objects to the Magistrate Judge's Report and Recommendations, essentially reiterating her arguments to the ALJ's decision (doc. 18). Plaintiff first argues that contrary to the ALJ's conclusion, the weight of the evidence supports Plaintiff's contention that she meets Listing 1.04(A) (Id.). Plaintiff points to clinical evidence that she suffered a herniated disc with neurological abnormalities, pain, weakness, and loss of motion, all signs required by Listing 1.04(A), and argues that correlation between this evidence and the MRI findings are not necessary (Id.). Next, Plaintiff contends the VE's testimony was clear, in that Plaintiff would not be able to perform her past relevant work if it required bending or stooping (Id.). Finally, Plaintiff argues that the ALJ did not conduct a full and fair hearing because "the ALJ essentially flaunted the Court's first remand order" (Id.).

The Court, having fully considered this matter, does not find Plaintiff's objections well-taken. A review of the record reveals that Plaintiff's characterization of the evidence against finding that Plaintiff meets listing 1.04(A) is inaccurate. As the

-3-

Magistrate Judge noted, in support of her finding, the ALJ referred to statements from a treating physician, state agency findings, and the results of consultative examinations performed by two physicians, in addition to the testimony of the medical examiner (doc. 15).  The cumulative evidence, not just the testimony of the medical examiner, supports the ALJ's finding.

Likewise, the Court agrees with the Magistrate Judge that the ALJ correctly relied upon the testimony of the VE in finding that Plaintiff perform her past relevant work (Id., citing 20 C.F.R. § 1560(b)(2); D'Angelo v. Commissioner of Soc. Sec., 475 F.Supp.2d 716, 724 (W.D. Mich. 2007)).  Contrary to Plaintiff's assertions, the record does not reflect that the VE testified Plaintiff would not be able to perform her past relevant work if it required bending or stooping.  Further, as the Magistrate Judge stated, any inconsistencies in the testimony were correctly resolved by the ALJ.  Bradley v. Secretary of Health & Human Servs., 862 F.2d 1224, 1227-28 (6th Cir. 1988).

Finally, Plaintiff's contention that the ALJ was biased in her decision is not borne out by the record.  As the Magistrate Judge noted "isolated allegations of bias should be rejected where the record as a whole reflects fairness" (doc. 15).  The Court finds that while the ALJ did make comments regarding her prior decision, the record as a whole does not reflect bias, or that Plaintiff was afforded anything less than a full and fair hearing.

-4-

See Cf. Keith v. Barnhart, 473 F.3d 782, 789-90 (7th Cir. 2007); Liteky v. United States, 510 U.S. 540, 555 (1994). Accordingly, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.

Having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court OVERRULES Plaintiff's Objections (doc. 18), ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 15), and thereby AFFIRMS the ALJ's finding that Plaintiff is not entitled to a period of disability and disability income benefits.

SO ORDERED.

Dated: December 4, 2007          /s/ S. Arthur Spiegel          
                                 S. Arthur Spiegel
                                 United States Senior District Judge